# Exhibit A

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 13368569
Date: Jan 5 2007 6:22PM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

MARK AND CARLA
MONROE,

      Plaintiff,

v.

Civil File No.: 07 EU 0016 76 B

BANK OF AMERICA CORPORATION,
FIRST PRESTON MANAGEMENT, INC.,
TERMINIX INTERNATIONAL, INC.,

      Defendants.

_____/

## COMPLAINT

COME NOW Plaintiffs, Mark and Carla Monroe (hereinafter collectively "the Monroes"), by and through undersigned counsel and files this, their Complaint against Defendants Bank of America Corporation, First Preston Management, Inc., and Terminix International, Inc. (hereinafter collectively "Defendants"), and in support thereof, states as follows:

1.

The Monroes are residents of the State of Georgia, of majority, and otherwise *sui juris*.

2.

Defendant Bank of America Corporation (hereinafter "BOA") is a corporation registered to do business in the State of Georgia and can be served with process upon its registered agent, CT Corporation System at 1201 Peachtree Street, N.E., Atlanta, Georgia 30361.

3.

Defendant First Preston Management, Inc. (hereinafter "First Preston") is a corporation registered to do business in the State of Georgia and can be served with process upon its registered agent, CT Corporation System at 1201 Peachtree Street, N.E., Atlanta, Georgia 30361.

4.

Defendant Terminix International, Inc. (hereinafter "Terminix") is a corporation registered to do business in the State of Georgia and can be served with process upon its registered agent, Corporation Process Company at 180 Cherokee Street, N.E., Marrietta, Georgia 30060.

5.

On or about February 2004, the Monroes made an offer to purchase a house located at 2128 Line Tree Lane, Powder Springs, Georgia 30127.

6.

The Monroes' offer included a stipulation that an Official Georgia Wood Infestation Report be produced.

7.

BOA, the owner of the house, accepted the Monroes' offer through its agent, First Preston.

8.

On or about April 6, 2004, the Monroes and BOA, through First Preston, closed the purchase of the subject house.

9.

An Official Georgia Wood Infestation Report was not produced at the closing, but instead a service contract with Terminix was produced, which was presented by and/or on behalf of BOA and First Preston to ensure that there was no infestation or other problems.

10.

Subsequent to closing on the purchase and taking possession of their home, the Monroes discovered termite infestation.

11.

The Monroes immediately contacted Terminix, who treated the Monroes' home for termite infestation.

12.

Terminix treated the Monroes home subsequent to their purchase and discovery of termite infestation on at least three (3) occasions and failed to record the infestation in any of its reports.

13.

Terminix performed an inspection of the Monroes' home in 2003, prior to their purchase, and identified termite infestation in its Official Georgia Wood Infestation Report. The Monroes were not provided with a copy of this report until after closing.

14.

On or about June 6, 2004, Terminix issued an Official Georgia Wood Infestation Report that identified termite infestation of the Monroes' home.

## COUNT I - FRAUD

15.

The Monroes adopt, realllege, and incorporate numbered paragraphs 1 – 14, above as if expressly stated herein.

16.

Defendants knowingly represented that the Monroes' home was termite free in order to induce the Monroes to purchase the subject house.

17.

The Monroes justifiably relied upon the representations of Defendants.

## COUNT II – DECIET O.C.G.A. § 51-6-2

18.

The Monroes adopt, realllege, and incorporate numbered paragraphs 1 – 17, above as if expressly stated herein.

19.

Defendants knowingly and willfully misrepresented, *inter alia*, the material fact that the subject house was not infested with termites with the intent to deceive the Monroes and induce them to purchase the subject house.

## COUNT III – SUPRESSION OF MATERIAL FACT O.C.G.A. § 23-2-53

20.

The Monroes adopt, realllege, and incorporate numbered paragraphs 1 – 19, above as if expressly stated herein.

4

21.

Defendants had a duty to disclose the fact that the subject house was infested with termites due to the special relationship between the parties and the materiality of a termite infestation.

22.

Defendants both failed to disclose and intentionally withheld that the subject house was infested with termites.

### COUNT IV – PUNITIVE DAMAGES

23.

The Monroes adopt, realllege, and incorporate numbered paragraphs 1 – 22, above as if expressly stated herein.

24.

Defendants conduct in intentionally withholding and concealing the fact of termite infestation from the Monroes showed willful misconduct, malice, fraud, wantonness, oppression, and/or the entire want of care which would raise the presumption of conscious indifference to the consequences.

### COUNT V – ATTORNEYS FES O.C.G.A. § 13-6-11

25.

The Monroes adopt, reallege, and incorporate numbered paragraphs 1 – 24, above as if expressly stated herein.

26.

Defendants have been stubbornly litigious, acted in bad faith, and has caused the Monroes to incur unnecessary expense and trouble of bringing this action as opposed to amicably and reasonably resolving this matter.

## COUNT VI – NEGLIGENCE

27.

The Monroes adopt, realllege, and incorporate numbered paragraphs 1 – 26, above as if expressly stated herein.

28.

Terminix failed to properly conduct the termite inspection and treatment and further failed to properly record its findings.

29.

Terminix owed the Monroes the duty to properly perform the termite inspection and treatment and further failed to properly record its findings.

## COUNT VII – BREACH OF CONTRACT

30.

The Monroes adopt, realllege, and incorporate numbered paragraphs 1 – 29, above as if expressly stated herein.

31.

BOA and its agent, First Preston, breached the purchase contract for the Monroes home by failing to provide the Official Georgia Wood Infestation Report.

DAMAGES

32.

The Monroes adopt, reallege, and incorporate numbered paragraphs 1 – 31, above as if expressly stated herein.

33.

Due to Defendants Fraud, Negligence, Breach of Contract, Suppression of Material Fact, and Deceit, the Monroes have suffered damages in the forms of past and future repair costs to and termite treatment, eradication, and prevention their home in an amount greater than fifty thousand dollars ($50,000) and , the exact amount will be produced at trial.

WHEREFORE, the Monroes respectfully request that:

a. The Summons be issued and served upon Defendants along with the Complaint;

b. Judgment be had against Defendants for past, present, and future repair costs in an amount to be demonstrated at trial;

c. Judgment be had against Defendants for past, present, and future termite treatment, eradication and prevention in an amount to be demonstrated at trial;

d. Judgment be had against Defendants for punitive damages as determined by the enlightened conscience of the jury;

e. Costs and attorneys' fees be assessed against Defendants pursuant to O.C.G.A. § 13-6-11 based upon Defendants' stubborn litigiousness, bad faith, and causing the Monroes unnecessary expense and trouble;

f. Trial by twelve (12) member jury be had; and

g. Plaintiff be awarded such and other relief as this Court deems just and appropriate.

This 5th day of January, 2006.

                    APOLINSKY AND ASSOCIATES, L.L.P.

                    /s/
                    STEPHEN D. APOLINSKY
                    Georgia Bar No. 020915
                    P. JEFFERY STUBBS
                    Georgia Bar No. 689747
                    Attorneys for Plaintiff

One Decatur TownCenter, Suite 200
150 East Ponce de Leon Avenue
Decatur, Georgia 30030
404/377-9191

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
Transaction ID: 1337243
Date: Feb 12 2007 12:XX PM
Mark Harper, Clerk

GEORGIA
FULTON COUNTY

STATE COURT OF FULTON COUNTY
(Civil Division)

Marcus Curtis Mosley
_____
(Plaintiff's Name and Address)

vs.

Bank of America, N.A.
MBNA America Bank, N.A.
Federal _____
(Defendant's Name and Address)

|  |  |
|---|---|
| AMOUNT OF SUIT | |
| Principal | $ |
| Interest | $ |
| Atty Fees | $ |
| Ct Costs | $ |

SUMMONS

TO THE ABOVE-NAMED DEFENDANT:
You are hereby required to file with the Clerk of said Court and serve a copy on the Plaintiff's Attorney.

P. Jeffrey Sanders
(Name)
150 E. Ponce de Leon Ave, Suite ___
(Address)
_____
(Phone No.)

an answer to the complaint which is herewith served upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____

_____
Deputy Clerk

We, the jury, find for _____
_____
_____

This _____ day of _____

_____
Foreperson

(Staple to front of Original Complaint)